THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESUS COLLADO,**  Case No.:

    **PLAINTIFF,**

v.

**TELEMUNDO NETWORK GROUP, LLC.,**

    **DEFENDANT.**

_____/

## **COMPLAINT**

Plaintiff, JESUS COLLADO, by and through his undersigned counsel, hereby brings this action for damages against Defendant, TELEMUNDO NETWORK GROUP, LLC., for damages and alleges Defendant violated 42 U.S.C. 1981 by discriminating against Plaintiff on the basis of his race, Black, and that Defendant retaliated against Plaintiff after he made a good faith complaint about Defendant's race discrimination. In further support of his allegations, Plaintiff further states as follows:

## Parties

1. Plaintiff was employed by Defendant in the four years prior to this action.

2. Defendant is a for-profit, foreign corporation operating as international media corporation.

3. Plaintiff worked as an IT systems engineer for Defendant from approximately July 12, 2018, until approximately August 4, 2020.

## Jurisdiction

4. Plaintiff is domiciled in Orange County, Florida.

5. Defendant is a corporation conducting business in Orange County, Florida.

6. Defendant conducts business and employed Plaintiff in Orange County, Florida and the amount in controversy exceeds $253,269.03.

7. All material events occurred in Orange County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a Black male and therefore members of a protected class.

11. Defendant is subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to their employer Plaintiff's race-based discrimination related complaints.

## General Factual Allegations

13. Plaintiff was employed by Defendant as a laborer.

14. Defendant, by and through its managers, habitually harassed Plaintiff on the basis of his race (Black).

15. During Plaintiff's employment with Defendant, Plaintiff worked with David Degraffenreid (White) who was employed by Defendant as a broadcast engineer.

16. During the vast majority of Plaintiff's employment with Defendant, Mr. Degraffenreid regularly and constantly treated Plaintiff in a less favorable manner than White individuals because of Plaintiff's race.

17. In fact, it was common and regular for Mr. Degraffenreid to make racist, discriminatory, and racially derogatory to statements to Plaintiff and in the presence of Plaintiff while both Plaintiff and Mr. Degraffenreid worked together.

18. Specifically, Mr. Degraffenreid often referred to Black people, such as Plaintiff, as "niggers."

19. Mr. Degraffenreid would often make racist and derogatory jokes such as "What does the acronym for the car Pontiac stand for? Poor Old Nigger Thinks It's A Cadillac."

20. Additionally, Mr. Degraffernreid referred to subpar work quality as "nigger rigging."

21. Unfortunately, these racist comments were not only made to Plaintiff on one occasion. Rather, Mr. Degraffenreid made the racist comments were regularly made to Plaintiff on numerous occasions and with frequency.

22. Plaintiff was offended as well as emotionally damaged by the racial hostility he experienced at the hands of his Mr. Degraffenreid.

23. The racist comments, statements, and remarks made by Mr. Degraffenreid significantly impacted the conditions of Plaintiff's employment.

Plaintiff regularly felt embarrassed, nervous, and scared because of the racist environment created by Mr. Degraffenreid.

24. On or about December 2019, Plaintiff made a formal complaint to Defendant about the racial hostility he experienced from Mr. Degraffenreid.

25. Plaintiff's complaint to Defendant about racism was made in good faith in order to prevent Mr. Degraffenreid from making racist comments and statements to Plaintiff.

26. Defendant immediately informed Mr. Degraffenreid about Plaintiff's complaint.

27. Despite Plaintiff's good faith complaint to Defendant about Mr. Degraffenreid's racist behavior, Defendant instead promoted Mr. Defraffenreid to Manager of Technology in January 2020.

28. After Mr. Degraffenreid became Manager of Technology, he took retaliatory action against Plaintiff via written reprimands.

29. Defendant follows a progressive disciplinary plan under which employees entitled to receive multiple performance-based warnings prior to termination.

30. However, after Plaintiff complained about Mr. Degraffenreid, Mr. Degraffenreid issued Plaintiff a "final warning" in February 2020 without issuing Plaintiff either a first or second warning which precede a "final warning" under Defendant's progressive disciplinary plan.

31. Mr. Degraffenreid issued Plaintiff a final warning without first issuing Plaintiff a first or second warning in order to accelerate the termination process and to punish Plaintiff for complaining about race discrimination.

32. Prior to Plaintiff making his race-based complaints against Mr. Degraffenreid, Plaintiff had not been the subject of any disciplinary actions.

33. Indeed, immediately prior to Plaintiff making his good faith race discrimination complaints against Mr. Degraffenreid, Mr. Degraffenreid commended Plaintiff for Plaintiff's job performance.

34. However, immediately following Plaintiff's good faith complaints about racial discrimination, Defendant issued Plaintiff a final written warning for job performance.

35. Defendant then terminated Plaintiff's employment on August 4, 2020.

36. But for Plaintiff making his good faith, race-based complaints about Mr. Degreffenreid, Defendant would not have terminated Plaintiff's employment.

37. Plaintiff was damaged emotionally by the race discrimination he experienced from Mr. Degraffenreid in the workplace. The hateful and vile racist comments made by Mr. Degreaffenreid to Plaintiff created a hostile work environment by significantly changing the terms and conditions of Plaintiff's employment.

38. Plaintiff was offended, embarrassed, and belittled by the racist statements, comments, and remarks made by Mr. Degraffenreid to Plaintiff because of Plaintiff's race.

39. Moreover, employees -outside of Plaintiff's protected class were also offended by the racist statements, comments, and remarks made by Mr. Degraffenreid.

40. Because Plaintiff could no longer tolerate the blatant race discrimination in the workplace, Plaintiff made a good faith complaint to Defendant's human resources department.

41. Defendant terminated Plaintiff's employment as a direct result of Plaintiff making his good faith complaint.

42. Plaintiff suffered emotional and financial damage as a direct result of the wrongful termination of Plaintiff's employment.

43. Plaintiff demands a trial by jury on all issues so triable.

## Count One
## Race Harassment in violation of 42 U.S.C. 1981

44. Plaintiffs hereby incorporates and re-alleges 1-43, above.

45. Plaintiff is a Black male and therefore a member of a protected class due to his race.

46. Plaintiff's manager, Mr. Degraffenreid, is a White male.

47. During Plaintiff's employment with Defendant, Mr. Degraffenreid regularly made vile and racist statements and comments about Black people.

48. The racist statements made by Mr. Degraffenreid created a hostile work environment for Plaintiff.

49. Defendant knew, or in the exercise of reasonable care, should have known about the hostile work environment created by Mr. Degraffenreid.

50. Plaintiff complained to Defendant about the racist statements made by Mr. Degraffenreid and Defendant did not investigate the matter or punish Mr. Degraffenreid.

51. Defendant did not take any remedial action to address or correct the actions of Mr. Degraffenreid.

52. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Hispanic employees in Defendant's workplace.

53. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to **make and enforce contracts**, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

54. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially hostile workplace.

55. Despite the provisions of 42 U.S.C. 1981, Defendant both subjected Plaintiff to a racially hostile workplace in violation of 42 U.S.C. 1981 and took adverse employment actions against Plaintiff.

56. Plaintiff as damaged as a direct result of Defendant's discriminatory treatment and retaliation.

## Count Two
## Retaliation in violation of 42 U.S.C. 1981

57. Plaintiffs hereby incorporates and re-alleges 1-43, above.

58. Plaintiff is a Black male and therefore a member of a protected class due to his race.

59. Plaintiff was employed by Defendant until August 4, 2020.

60. Defendant is engaged in interstate commerce by virtue or Defendant's business.

61. Plaintiff was subjected to racially hostile workplace environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

62. Mr. Degraffenreid consistently and habitually made racist comments, statements, and remarks in the workplace.

63. In December 2019, Plaintiff made a good faith complaint to Defendant and reported the racially hostile workplace which Plaintiff was subjected while employed by Defendant.

64. In fact, Plaintiff complained and objected to Defendant's racially hostile treatment and behavior towards Plaintiff due to his race.

65. Defendant then promoted Mr. Degraffenreid to Manager in January 2020.

66. One month later, in February 2020, Mr. Degraffenreid issued Plaintiff a final written warning as punishment for making his complaints.

67. Plaintiff's complaints were made directly to Defendant, and also in writing.

68. Plaintiff's complaints were made in good faith and were protected activities.

69. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints to Defendant.

70. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff good faith complaints about racial discrimination.

71. Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

72. Plaintiff was damaged as a direct result of Defendant's retaliatory behavior.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiff desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

DATED: March 17, 2022

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com
